BENJAMIN BUISSON *v.* HUGH GRANT and others.

The act of 18th March, 1818, creating the offices of Surveyor General and Parish Surveyor, contains nothing indicating an intention to prevent any municipal corporation within a parish, from appointing their own surveyors, or making it the duty of owners of property to employ the surveyors appointed by the State, and no other; and arts. 828, 829 of the Civil Code mainly relate to cases of dispute between adjoining proprietors as to the boundaries between their lands. Although the formalities prescribed by these articles are required to be fulfilled by a sworn officer of the State, for the purpose of fixing permanently the limits of property, it does not follow that a surveyor appointed by a municipal corporation, or any other not commissioned by the State, cannot be employed by a proprietor desirous of having his land surveyed and its limits ascertained; but such survey and fixing of limits, will not have the same binding effect upon his neighbor, as if made by the Parish Surveyor, nor will the *procès verbal* prove itself, or obtain full faith in the courts of this State.

APPEAL from the District Court of the First District, *Buchanan*, J.

*F. Buisson*, and *R. N.* and *A. N. Ogden*, for the appellant.

*Wills* and *McKinney*, for the defendants.

MORPHY, J. This suit was begun by an injunction directed to Hugh Grant, the City Surveyor of the City of Lafayette, prohibiting him from fixing the boundary of any property in any part of the parish of Jefferson. On a rule taken by the defendants, this injunction was subsequently dissolved by the inferior court, on the ground that the petitioner had shown no cause of action entitling him to the remedy prayed for. The plaintiff has appealed.

The petition sets forth in substance, that from January 1832, the plaintiff has been in the possession and enjoyment of all the privileges and rights appertaining to the office of Parish Surveyor for the parish of Jefferson, by virtue of a commission from the Governor and Senate; that by law, there is to be but one surveyor appointed for each parish, and such appointment is to be made by the Governor and Senate; but that the President and Board of Council of Lafayette have illegally appointed another surveyor in the parish of Jefferson, and have passed arbitrary ordinances to impose a fine on the owners of property, who will not have the bounds of their lots fixed by the said surveyor; and that, by

Buisson v. Grant and others.

these proceedings of the President and Board of Council of Lafayette, and the acts of the said Hugh Grant under them, the plaintiff is disturbed and obstructed in the enjoyment of his rights, and the performance of his duties as parish surveyor, and has thereby suffered damages, which are laid at $5000.

The only question which this case presents is whether, the plaintiff has the exclusive right which he claims under his commission as Parish Surveyor, of fixing the limits of land in the parish of Jefferson.  The Parish Surveyors have been heretofore considered as having no such exclusive right; for it is well known, that the former Corporation of New Orleans, and the three Municipalities, which succeeded to all its rights within their respective limits, have always appointed their own surveyors; and the plaintiff himself appears to have occupied, for a considerable length of time, the office of City Surveyor in the City of Lafayette.  But leaving out of view the general belief and sense of the community on this matter, let us examine whether the pretensions of the petitioner are sanctioned by law.  The plaintiff relies on the act of Assembly, approved March 18th, 1818, creating a Surveyor General and Parish Surveyors in the State of Louisiana.  This law provides in its first section, that there shall be a surveyor appointed in each parish by the Governor and Senate, and prescribes the oath to be taken, and the bond to be given, by such surveyors.  The other sections of the act, which we have attentively examined, treat in detail of the duties to be performed by the Surveyor General, and the several Parish Surveyors. Among other duties, it is required of them to record by order of dates, in a book kept for that purpose, all plats and reports of surveys, and to forward to the Surveyor General, every three months, certified copies of the operations made by them in their respective parishes; and it is provided, that all certified copies of the plats and reports of surveys delivered by them under their hand and seal, shall be entitled to full credit in all the courts of this State.  We have been unable to find, in this law, any items of exclusion which go to prevent the Municipal Corporations within any parish, from appointing their own surveyors, or to make it the duty of all owners of property to employ the surveyors appointed by the State, and no other.  But this prohibition is

supposed to result from articles 828 and 829 of the Civil Code. The first provides that : " The fixing of new boundaries, or the investigation of old ones may be made extra-judicially and by mutual consent, if the parties are of full age ; but if one of the parties be a minor, or interdicted, it must be done judicially." The other article declares that : " Whether the limits be fixed judicially or extra-judicially, it must be done by a sworn survey-or of this State, who shall be bound to make a *procès verbal* of his work, in the presence of two witnesses called for the purpose, who shall sign the *procès verbal* with him, or mention shall be made therein of the causes which prevented them from signing." These articles, which are to be found in the title of the Civil Code which treats of the action of boundary (*action de bornage*) were, we think, properly considered by the Judge below as relating mainly, to cases where a dispute or difficulty may exist between two or more adjoining proprietors, as to the boundaries or lines of division between their lands. Although it is required that the several formalities prescribed by these articles shall be fulfilled by a sworn officer of the State, for the purpose of fixing permanently the limits of property, it does not follow that a surveyor, not commissioned by the State, cannot be employed by a proprietor desirous of having his lot surveyed, and its limits ascertained. It is true, that such a survey and fixing of limits will not have the same binding force and effect upon his neighbors as if made by the Parish Surveyor, nor will the *procès verbal* prove itself, and obtain full credit in the courts of this State. We consider that the provisions of the Code, and the law of 1818, which are invoked by the plaintiff, only give to the surveys and fixing of boundaries made by the State surveyors a binding effect and authenticity, which the operations of other surveyors have not ; but do not prevent Hugh Grant, or any other surveyor, from making surveys and fixing boundaries when called upon for that purpose. If this view of the law be correct, we cannot see in what way the plaintiff's rights have been invaded, or how he has been disturbed by the appointment of a City Surveyor. This officer, it has been remarked, is appointed for purposes of police ; to superintend the public works ; give the lines of the lots fronting on streets, squares, and other public ways ; fix the level of

*banquets*, footways, &c. This is true; but if called upon by any proprietor to survey a lot and give him his boundaries, he may do it, we apprehend, like any other surveyor; but his acts would not have any authentic or official character. If the Board of Council of Lafayette have imposed fines to compel the owners of property to employ their surveyor, in cases where the law requires that a sworn surveyor of the State should be employed, they will probably find the means of protecting themselves when called upon to pay the same. Upon the whole, we think with the Judge, *a quo*, that the petition sets forth no legal cause of action.

*Judgment affirmed.*